1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   BRIAN ELLEDGE,                    NO.  2:23-CV-02288-JAM-DB

12              Plaintiff,

13        v.                           **ORDER GRANTING IN PART AND
                                       DENYING IN PART DEFENDANT COUNTY**
14   COUNTY OF SAN JOAQUIN, ET         **OF SAN JOAQUIN'S MOTION TO**
     AL.,                              **DISMISS**
15
              Defendants.
16

17        On September 12, 2023, Plaintiff Brian Elledge ("Elledge")

18   filed this action in San Joaquin County Superior Court, alleging

19   four (4) causes of action against defendants County of San

20   Joaquin, John Canepa, and Brian Merritt (collectively,

21   "Defendants").  Compl., Exh. A to Notice of Removal ("Compl."),

22   ECF No. 1.  Defendant San Joaquin County ("County") removed the

23   action to this Court on the grounds of federal question

24   jurisdiction.  Notice of Removal, ECF No. 1.  On February 20,

25   2024, County filed the instant motion to dismiss ("Motion").[1]

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for April 9, 2024.

                                    1

1   Mot. to Dismiss ("Mot."), ECF No. 11.  County argues Elledge's

2   first, second, and fourth causes of action do not contain

3   sufficient factual matter to support a cause of relief.  Id. at

4   3.  Elledge filed an opposition.  Opp'n, ECF No. 12.  County

5   filed a reply.  Reply, ECF No. 15.

6                    I.   FACTUAL ALLEGATIONS

7       The facts are taken from the Complaint and assumed to be true

8   for purposes of the Motion.  In May of 2022, a San Joaquin County

9   Sheriff water patrol boat ("patrol boat") stopped Elledge's boat

10  while on the San Joaquin River.  Compl. ¶ 11.  The patrol boat

11  was operated by defendants John Canepa and Brian Merritt

12  (collectively, "Deputy Sheriffs").  Id.  Deputy Sheriffs stopped

13  Elledge because they did not see a required registration sticker

14  adhered to his boat.  Id.  After the registration issue was

15  resolved, Deputy Sheriffs ordered Elledge to board the patrol

16  boat to submit to a blood alcohol test.  Id.  Elledge was

17  ordered, without any assistance from Deputy Sheriffs, to step on

18  the railing of the patrol boat, then step down approximately

19  three feet to the steel deck of the boat.  Id.  While stepping

20  down to the steel deck of the boat, Elledge landed hard on his

21  right foot, resulting in an injury to his right ankle and a

22  ruptured Achilles tendon.  Id.

23                    II.   OPINION

24      A.   Legal Standard

25      A Rule 12(b)(6) motion challenges the sufficiency of a

26  complaint for "failure to state a claim upon which relief can be

27  granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to

28  dismiss [under 12(b)(6)], a complaint must contain sufficient

1    factual matter, accepted as true, to state a claim for relief

2    that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

3    662, 678 (2009) (internal quotation marks and citation omitted).

4    Plausibility requires "factual content that allows the court to

5    draw a reasonable inference that the defendant is liable for the

6    misconduct alleged." Id. While "detailed factual allegations"

7    are unnecessary, the complaint must allege more than

8    "[t]hreadbare recitals of the elements of a cause of action,

9    supported by mere conclusory statements." Id. Conclusory

10   allegations are not to be considered in the plausibility

11   analysis. Id. at 679 ("While legal conclusions can provide the

12   framework of a complaint, they must be supported by factual

13   allegations."). When a plaintiff fails to "state a claim upon

14   which relief can be granted," the Court must dismiss the claim.

15   Fed. R. Civ. P. 12(b)(6).

16       B.   Analysis

17            1.   First Cause of Action – 42 U.S.C. § 1983

18   Elledge's first cause of action is for "Unreasonable

19   Detention, Custody, And Control, (42 U.S.C. § 1983)"

20   (hereinafter, "1983 Claim"). Compl. at 5, 6. The 1983 Claim

21   focuses on the actions of Deputy Sheriffs. Id. It is not clear

22   from the Complaint whether the claim is against all defendants,

23   or only Deputy Sheriffs. Id. However, Elledge does allege that

24   Deputy Sheriffs were under the control of County. Id. ¶ 15.

25   County seeks to dismiss the 1983 Claim with prejudice against

26   County on the grounds that "Elledge does not set forth any facts

27   that an unconstitutional County policy resulted in Elledge's

28   alleged injury." Mot. at 4. Assuming the 1983 Claim is against

1   both Deputy Sheriffs and County, the Court agrees.

2          To establish liability for governmental entities under

3   Section 1983, a plaintiff must prove the entity had "a policy,

4   practice, or custom" that was the "moving force" behind the

5   constitutional violation.  Dougherty v. City of Covina, 654 F.3d

6   892, 900 (9th Cir. 2011) (citing Monell v. Dep't of Soc. Servs.

7   of the City of New York, 436 U.S. 658, 694 (1978)).  An official

8   policy includes a formal policy, such as a rule or regulation,

9   adopted by the entity that directly results in the

10  constitutional violation in question.  Pembaur v. City of

11  Cincinnati, 475 U.S. 469, 483-84 (1986).  A practice or custom,

12  by contrast, includes repeated, widespread, and consistent

13  actions that constitute the standard operating procedure of the

14  entity.  Ulrich v. City & Cnty. of S.F., 308 F.3d 968, 984 (9th

15  Cir. 2002).

16         Upon review of Elledge's 1983 Claim, the only mention of

17  County includes the following allegation:"[t]he conduct of

18  [Deputy Sheriffs] was done under the [instruction, orders, and

19  control] of command level officers and managers of [County's]

20  Sheriff's Office."  Id. ¶ 15.  The bulk of the 1983 Claim

21  focuses on the actions of Deputy Sheriffs.  Id. ¶¶ 13-15, 17.

22  Elledge does not provide sufficient facts in his first cause of

23  action to allow the Court to draw a reasonable inference that a

24  policy, practice, or custom of County's led to Elledge's alleged

25  constitutional violation.  Dougherty, 654 F.3d at 900.

26  ///

27  ///

28  ///

4

1    Looking beyond the 1983 Claim and to the Complaint as a

2 whole, Elledge's "Introduction" alleges:

3    The policies and customs behind the detention and

4    taking into custody and control of boat operators on

5    the San Joaquin River in the County of San Joaquin

6    without probable cause to believe said boat operators

7    were under the influence of alcohol are fundamentally

8    unconstitutional and constitute a menace of major

9    proportions to the public. . . .

10 Compl. ¶ 2.  Albeit confusing, Elledge appears to contend that

11 County has an unconstitutional policy and custom of detaining

12 boat operators on the San Joaquin River and accusing them,

13 without probable cause, of operating under the influence.  This

14 conclusory allegation does not pass muster under the Twombly

15 plausibility standard.

16    Elledge does not allege any specific facts that there is a

17 formal policy of County's, such as a rule or regulation, that led

18 to any alleged constitutional violation.  Pembaur, 475 U.S. at

19 483-84.  Elledge also does not allege any specific facts that

20 there is a widespread practice or custom that led to any alleged

21 constitutional violation.  Bd. of the Cty. Comm'rs v. Brown, 520

22 U.S. 397, 404 (1997).  Elledge takes a single, isolated event and

23 make a conclusory statement that there was a policy and custom in

24 place that caused the alleged constitutional violation.  Isolated

25 or sporadic incidents alone cannot form the basis of a 1983 Claim

26 against government entities.  Sabra v. Maricopa Cnty. Cmty. Coll.

27 Dist., 44 F.4th 867, 884 (9th Cir. 2022).  The Complaint lacks

28 sufficient factual allegations regarding the key elements of a

possible 1983 Claim against County and therefore Elledge's first

cause of action against County is dismissed with leave to amend.

        2.   <u>Second Cause of Action – California Civil Code</u>
<u>§ 52.1</u>

Elledge's second cause of action is for "Violation of

California Civil Rights Act – Civil Code §52.1" (hereinafter,

"Bane Act Claim") against all defendants.  Compl. at 6.

County seeks to dismiss the Bane Act Claim with prejudice

because "there are no facts that the individual defendants

engaged in egregious activity and intended to cause Elledge's

alleged injury."  Mot. at 3.  County does not mention itself in

its Bane Act argument and focuses solely on the actions of

Deputy Sheriffs.  <u>Id.</u> at 5.

To the extent County seeks to make arguments on behalf of

Deputy Sheriffs, the Court declines to address such arguments.

<u>Haley v. Ornelas</u>, No. CV 16-3177-AG(E), 2016 U.S. Dist. LEXIS

202077, at *6 (C.D. Cal. Dec. 21, 2016).  The Motion is filed on

behalf of County alone.  <u>See</u> Mot.  County admits neither of the

Deputy Sheriffs have been served yet.  <u>Id.</u> at 1.  Subject to a

limited exception, a party must assert their own legal rights or

interests, not those of third parties.  <u>Kowalski v. Tesmer</u>, 543

U.S. 125, 129-30 (2004) (discussing the limited exception as

"(1) the party asserting the right has a close relationship with

the person who possesses that right and (2) whether there is a

hindrance to the possessor's ability to protect their own

interests.").  County does not provide any legal analysis or

support for its belief that it can assert the rights of Deputy

Sheriffs in this motion.  County "may not properly act as a

surrogate" for Deputy Sheriffs.  <u>Ornelas</u>, 2016 U.S. Dist. LEXIS
202077, at *6.  To the extent County is attempting to dismiss
the Bane Act Claim on behalf of Deputy Sheriffs, this request is
denied without prejudice.

If County is attempting to dismiss the Bane Act Claim
against itself, without even mentioning itself, County has
failed to provide any factual or legal grounds to support its
dismissal motion.  Fed. R. Civ. 7(b) (a motion must state with
particularity the grounds for seeking the order.). County's
motion to dismiss the Bane Act Claim against itself is also
denied without prejudice.

> 3.  <u>Fourth Cause of Action – Intentional Infliction of
> Injury</u>

Elledge's fourth cause of action is labeled as a claim for
"Intentional Infliction of Injury" against Deputy Sheriffs.
Compl. at 9.  Based on the header alone, this cause of action
appears to be a battery claim against Deputy Sheriffs.  However,
the cause of action includes the following allegations:

> [County's] Sheriff's Office, and its management and
> command officers, "deliberately and purposely
> neglected and failed to instruct, to so train and
> teach all deputy sheriffs, at all levels of the
> [County's] Sheriff's Office. . . .
> [Defendants] and each of them . . . knew, [sic] were
> subject to a duty of care to know and to train and
> teach all deputy sheriffs . . . what acts and conduct
> that violated the law . . .
> [Defendants] knew they were . . . to train and teach

1          all deputy sheriffs, at all levels to determine if any
2          laws were broken by [Elledge] before detaining
3          [Elledge] . . .
4          [Deputy Sheriffs] knew . . . what acts and conduct
5          violated the laws . . . detained [Elledge] . . .
6          without any probable cause . . .
7          The conduct of [Deputy Sheriffs] . . . was in total
8          and utter disregard of the rights of [Elledge] and
9          with the knowledge that [Elledge] would be subject to
10         a dangerous condition . . . Said conduct was
11         malicious, wanton, oppressive, and fraudulent.  Said
12         conduct was extreme and outrageous . . . [Elledge]
13         suffered severe personal injuries, pain and suffering,
14         medical and incidental expenses, loss of income and
15         extreme mental and emotional distress and
16         consequential damages. . . .
17   See Compl. ¶¶ 29-33.  Based on these allegations, the fourth
18   cause of action appears to not only be a battery claim against
19   Deputy Sheriffs, but also a failure to train claim against
20   County, a deliberate indifference claim against Deputy Sheriffs,
21   and an emotional distress claim against Deputy Sheriffs or
22   County or both.  County interprets this cause of action as only
23   an intentional infliction of emotional distress claim ("IIED")
24   against Deputy Sheriffs.  Mot. at 5-7.
25        Elledge's opposition to the County's motion fails to
26   provide any clarity.  The opposition focuses only on the acts of
27   Deputy Sheriffs, includes an irrelevant discussion on peace
28   officers' standards and trainings, and concludes that Deputy

Sheriffs were in violation of Elledge's constitutional rights to be "free from search and seizure" which was "extreme and outrageous." Opp'n at 11-12. Not only is the opposition inconsistent with the multiple legal theories discussed in the Complaint, but it also mirrors Elledge's first cause of action for "Unreasonable Detention, Custody, And Control." Compl. ¶¶ 12-17.

What is unambiguously clear to the Court is that this cause of action, as currently pled, cannot go forward. Elledge fails to present a cognizable claim and put the defendants or the Court on fair notice of the grounds entitling him to relief. Bell Atl. Corp. v. Twombly, 550 U.S. at 555; Fed. R. Civ. P. 8, 10. "The Court should not be required to ascertain what are or will be the litigable issues of fact and law by a process of speculation or surmise." Weiss v. Tenney Corp., 47 F.R.D. 283, 287 (S.D.N.Y. 1969). Therefore, the Court sua sponte DISMISSES Elledge's fourth cause of action in its entirety with leave to amend. County's motion to dismiss the fourth cause of action is DENIED as moot.

### III. ORDER

For the reasons set forth above, the Court GRANTS County's motion to dismiss Elledge's first cause of action, the 1983 Claim, with leave to amend. The Court DENIES County's motion to dismiss Elledge's second cause of action, the Bane Act Claim, without prejudice. The Court, on its own motion, DISMISSES Elledge's fourth cause of action in its entirety with leave to amend. County's motion to dismiss Elledge's fourth cause of action is DENIED as moot.

   If Elledge elects to file an amended complaint, he must do so
no later than twenty days from the date of this Order.
Defendants shall file their responsive pleadings no later than
twenty (20) days thereafter.

     IT IS SO ORDERED.

Dated: May 7, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE