J. Michael Brown  #38995
Law Office of J. Michael Brown
4115 Blackhawk Plaza Circle, Suite 100
Danville, CA 94506
Telephone:   920-484-2200
E-Mail:   jmb@mbrown-law.com

Attorney for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

UNLIMITED JURISDICTION

| | |
|---|---|
| BRIAN ELLEDGE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN JOAQUIN, JOHN CANEPA, BRIAN MERRITT, DOES ONE THROUGH TWENTY,<br><br>　　　　Defendants. | **FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. Unreasonable Detention, Custody,  And Control, (42 U.S.C. § 1983)**<br><br>**2. Violation of California Civil Rights Act**<br><br>**3. Negligence**<br><br>**DEMAND FOR TRIAL BY JURY** |

Comes now Brian Elledge and complains of above-named defendants and each of them, including the fictitiously named defendants, and alleges as follows:

**INTRODUCTION**

detained and, without any probable cause and without a warrant, was taken into the custody and control of John Canepa and Brian Merritt, sheriff deputies working for the San Joaquin County Sheriff's Department. While plaintiff was in the custody and control of defendants Canepa and Merritt, plaintiff suffered a rupture of his right Achilles tendon. Plaintiff subsequently had surgery relating to his injuries and continues to suffer physical and emotional distress from his injuries.

2. Defendants County of San Joaquin and Does One through Twenty also proximately caused plaintiff's injuries and are liable under state law as well is under principles set forth in 42 U.S.C §1983.

**CLAIMS STATUTE**

3. On or about October 24, 2022, within six months after the accrual of the causes of action alleged herein, plaintiff served a claim pursuant to California Government Code §910 against the County of San Joaquin, San Joaquin County Sheriff's Office deputy sheriff John Canepa and deputy sheriff Brian Merritt and Deputy Sheriffs One through Twenty. Said claim was denied by the County if Napa and notice of denial was mailed on October 27, 2022.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

5. At all times relevant herein the County of San Joaquin was and is a public entity in the State of California, duly organized and existing under the laws of the state of California.

6. At all times relevant herein the San Joaquin County Sheriff's Office was the chief law enforcement agency of the County of San Joaquin and was authorized by the County of San Joaquin to conduct all law enforcement functions on behalf of the County of San Joaquin

7. At all times relevant defendants John Canepa and Brian Merritt and Does One through Twenty and each of them were employed by the County of San Joaquin as deputy sheriffs or command level officers and managers of the San Joaquin County Sheriff's Office.

8. At all times mentioned herein the true names and capacities of deputy sheriffs One through Twenty and each of them are unknown to plaintiff who therefore sues such defendants by such fictitious names. Each such defendant is responsible in some manner for the events referred to and caused injury and damages proximally thereby to plaintiff. Plaintiff will amend this complaint to allege their true names when the same are ascertained.

9. Plaintiff is informed and believes and so alleges that defendants and each of them, including the fictitiously named defendants, are and were at all times mentioned herein the agents and employees, or principal and employer of each of the other defendants and were at all times mentioned herein acting within the course and scope of said agency and employment.

**STATEMENT OF FACTS**

10. On or about May 21, 2022, a San Joaquin County Sheriff water patrol boat operated by defendants John

1   Canepa and Brian Merritt stopped plaintiff's boat while
2   plaintiff's boat was in the water of the San Joaquin
3   River in the County of San Joaquin. Defendants John
4   Canepa and Brian Merritt claimed the purpose of stopping
5   plaintiff was for lack of a required visible registration
6   sticker. Defendants John Canepa and Brian Merritt used
7   ropes to connect the San Joaquin County Sheriff water
8   patrol boat to plaintiff's boat to prevent plaintiff from
9   leaving their detention. The registration sticker issue
10  was resolved and plaintiff prepared leave. Defendants
11  John Canepa and Brian Merritt then refused to allow
12  plaintiff to leave but instead detained plaintiff and
13  took plaintiff into their custody and control. Defendants
14  John Canepa and Brian Merritt then, without probable
15  cause, and without any evidence or indication that
16  claimant had consumed alcohol, violated plaintiff's
17  rights under the United States Constitution and the
18  California Constitution to be free from unreasonable
19  search and seizure. By ordering plaintiff to board the
20  San Joaquin County Sheriff water patrol boat for the
21  purpose of submitting to a test for blood alcohol. While
22  plaintiff was in the custody and control of defendants
23  John Canepa and Brian Merritt, plaintiff was ordered to
24  step onto the railing of the San Joaquin County Sheriff
25  water patrol boat and step down approximately three feet
26  to the steel deck of the patrol boat which had no steps.
27  Defendants John Canepa and Brian Merritt offered no
28  assistance to plaintiff while plaintiff was ordered to

step down to the steel deck of the San Joaquin County Sheriff patrol boat. As a result of plaintiff being ordered by defendants John Canepa and Brian Merritt to step unaided down to the deck of the San Joaquin County Sheriff water patrol boat plaintiff landed hard on his right foot resulting in injury to his right ankle and Achilles tendon causing a rupture of the Achilles tendon.

WHEREFORE, Plaintiff prays judgment against defendants and each of them as hereinbelow set forth.

### FIRST CLAIM FOR RELIEF
### Unreasonable Detention, Custody, Control, (42 U.S.C. §1983)

11. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 10 of this complaint with the same force and effect as if fully set forth herein

12. When defendants Canepa and Merritt refused to allow plaintiff to leave but instead detained the plaintiff and took plaintiff into their custody and control without probable cause, defendants violated plaintiff's right to be secure in his person against unreasonable searches and seizures guaranteed under the Fourth Amendment of the United States Constitution as applied to state actors by the 14th Amendment.

13. Plaintiff brings this claim in his individual capacity and seeks compensatory damages for physical injuries, medical and incidental expenses, past and future financial loss, and emotional distress for the

violation of plaintiff's constitutionally protected civil rights. Plaintiff also seeks attorneys' fees and costs.

WHEREFORE, Plaintiff prays judgment against defendants and each of them as hereinbelow set forth.

### SECOND CAUSE OF ACTION

### Violation of California Civil Rights Act - Civil Code §52.1

Comes now plaintiff and for second separate and distinct cause of action against all defendants and each of them including fictitiously named defendants and alleges as follows:

14. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 13 herein above as a fully set forth in this cause of action

15. That at all times herein mentioned defendants and each of them were and are public and governmental entities and agencies or employees of said governmental entities and agencies and acting in concert and conspiracy with each other and with public and governmental agencies or employees of said government entities and agencies and in doing all, each and every of the things hereinafter mentioned, defendants and each of them including the fictitiously named defendants were acting under color of law.

16. California Civil Code Section 52.1 prohibits any person from interfering by threat, intimidation or coercion or attempts to interfere by threat, intimidation or coercion with the exercise or enjoyment by any

individual of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this State.

17. That all of the acts of defendants and each of them including the fictitiously named defendants, were in violation of plaintiff's rights, privileges and immunities under the Constitution of the United States and the Constitution of the State of California in that said defendants, and each of them, did, with force intimidation, and coercion, interfere with plaintiff's exercise and enjoyment of plaintiff's civil and constitutional rights. Said acts included, but were not limited to, the right to be free from unlawful detainment and taking into custody and control without probable cause or pursuant to a warrant, the freedom to be free and from illegal search and seizure without probable cause or pursuant to a warrant, the right to enjoyment of life and liberty, and the right to be free from violence intimidation of the threat of violence and the interference of plaintiff's exercise of plaintiff's constitutional rights. Such interference was done without due process of law and was done by threat, intimidation and coercion which resulted in interference with plaintiff's enjoyment of plaintiff's rights secured by the Constitution of United States and rights secured by the Constitution of the State of California and which resulted in damages to plaintiff and was without provocation or probable cause.

18. Under the provisions of California Civil Code Section 52.1, defendants and each of them, including fictitiously named defendants, are liable for each violation of plaintiff's right to be free from violence or intimidation and are liable for statutory damages, actual damages and for reasonable attorneys' fees.

WHEREFORE, Plaintiff prays judgment against defendants and each of them as hereinbelow set forth.

### THIRD CAUSE OF ACTION

#### Negligence

Comes now plaintiff and as and for a third, separate and distinct cause of action herein against all defendants and each of them, including the fictitiously named defendants and alleges as follows:

19. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 18 herein as above as though fully set forth in this cause of action.

20. At all times herein mentioned the County of San Joaquin and the San Joaquin County Sheriff's Office and its management and command officers, Including but not limited to Does One through 20, were under a duty to instruct, train and teach all deputy sheriffs, at all levels, to know what acts and conduct violate the laws and Constitution of the State of California and the laws and Constitution of the United States, as used as the basis of detaining and taking into the custody and control, conducting a search of plaintiff, of plaintiff and to properly investigate and use reasonable care to

determine if any laws were broken by plaintiff before causing plaintiff to be detained and taken into the custody and control and searched. Defendants and each of them including fictitiously named defendants. Said County of San Joaquin, San Joaquin County Sheriff's Office and its management and command officers negligently and carelessly neglected and failed to properly train, instruct and teach all deputy sheriffs, at all levels of the San Joaquin County Sheriff's Office. As a direct and proximate result of said failure to train, the defendants John Canepa and Brian Merritt and does one through Twenty negligently and carelessly committed the acts and conduct alleged herein.

21. At all times herein mentioned, defendants and each of them, including the fictitiously named defendants, were subject to a duty of care to know what acts and conduct violated the laws of the state of California or the laws of the United States which may be properly used as the basis of detaining and taking into the custody and control of plaintiff and to properly investigate and use reasonable care to determine if any laws were broken by plaintiff before causing plaintiff to be detained and taken into custody and control without a warrant. The wrongful conduct defendants and each of them, including the fictitiously named defendants, did not comply with the standard of care to be exercised by reasonable police officers in detaining and taking custody and control of plaintiff.

WHEREFORE, plaintiff seeks judgment against defendants of each of them including fictitiously named defendants as hereinbelow set forth.

1. For general damages in a sum to be hereafter determined in excess of $25,000.00
2. For medical and incidental damages according to proof;
3. For loss of earning capacity according to proof;
4. for reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For damages and attorneys' fees pursuant to Civil Code Section 52.1
6. For pre-judgment interest as allowed by law;
7  For all costs of suit herein;
8. For such other and further relief as to the court may seem proper.

Dated: August 26, 2024

J. MICHAEL BROWN
Attorney for Plaintiff