UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ELLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, JOHN CANEPA, BRIAN MERRITT, and DOES 1-20,<br><br>Defendants. | No. 2:23-cv-02288-JAM-SCR<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART AND DISMISSING REMAINING CLAIMS** |

Plaintiff Brian Elledge filed the present action on March 27, 2023, in the San Joaquin County Superior Court against Defendants the County of San Joaquin, John Canepa, Brian Merritt, and Does 1-20. ECF No. 1. On October 11, 2023, the County of San Joaquin removed the case to federal court under federal question jurisdiction. Id. Plaintiff asserts three causes of action in his operative First Amended Complaint for (1) unreasonable detention, custody, and control under 42 U.S.C. § 1983, (2) violation of the California Civil Rights Act, California Civil Code § 52.1, and (3) negligence arising out of his allegedly prolonged detention by Defendants Canepa and Merritt, San Joaquin County Sheriff's Office Deputies, when he

1

was operating his boat on the San Joaquin River in 2022.  ECF No. 24.  The Court dismissed Plaintiff's claims against Does 1-20 on January 24, 2025.  ECF No. 30.

Defendants filed a Motion for Summary Judgment on February 6, 2026, seeking judgment on all causes of action against them.  ECF No. 44.  Under the Local Rules, Plaintiff's Opposition was due on February 20, 2026.  E.D. Cal. L.R. 230(c). Plaintiff has failed to file any Opposition.

The Court grants summary judgment on Plaintiff's first cause of action for unreasonable detention, custody, and control under 42 U.S.C. § 1983.  First, under the Local Rules, a failure to file a timely opposition may "be construed by the Court as a non-opposition to the motion."  E.D. Cal. L.R. 230(c).  The Court finds it appropriate to deem Plaintiff's failure to oppose as a non-opposition here.

Second, summary judgment is appropriate when the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If the nonmoving party fails to make this showing, "[t]he moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotations omitted).

Here, the Court finds that summary judgment is warranted for the reasons stated in Defendants' Motion for Summary Judgment.

2

Specifically, the Court agrees that Plaintiff has failed to submit any evidence which would support his theory of municipal liability recognized under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) against the County of San Joaquin. See Mot. Summ. J. ("MSJ") at 10-11, ECF No. 44-1. Thus, the Court grants summary judgment on Plaintiff's first cause of action against the County of San Joaquin.

The Court also agrees that Plaintiff has failed to show any unreasonable search or seizure by Defendants Canepa and Merritt, as the evidence shows Plaintiff freely consented to Defendants' request to examine his eyes. See id. at 7-10. The law is clear that searches and seizures are reasonable where consent is voluntarily given. United States v. Russell, 664 F.3d 1279, 1281 (9th Cir. 2012) ("[C]onsent is a recognized exception to the Fourth Amendment's protection against unreasonable searches and seizures" as long as the "consent was given freely and voluntarily."). Further, Plaintiff has failed to plausibly allege that the Defendants Canepa and Merritt knew or had reason to know that their actions were violating Plaintiff's clearly established constitutional rights. See MSJ at 12-14. Thus, Defendants Canepa and Merritt are entitled to qualified immunity, which shields public officials from liability under 42 U.S.C. § 1983 unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time" of the violation. District of Columbia v. Wesby, 583 U.S. 48, 62-63 (2018) (internal quotation marks and citation omitted). The Court grants summary

judgment on Plaintiff's first cause of action against Defendants Canepa and Merritt as well.

Because the Court grants summary judgment on Plaintiff's sole federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims for violation of the California Civil Rights Act and negligence.  See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))). Thus, the Court dismisses Plaintiff's second and third causes of action without prejudice.

## I.   ORDER

For the reasons set forth above, the Court GRANTS summary judgment on Plaintiff's first cause of action in favor of Defendants.  The Court also DISMISSES Plaintiff's second and third causes of action without prejudice.  The Court further VACATES the hearing set in this matter for April 7, 2026, at 1:00 PM in Courtroom 6.  Finally, the Court VACATES the settlement conference in this matter currently set for April 23, 2026, at 10:00 AM before Magistrate Judge Dennis M. Cota.  The Clerk of Court is hereby DIRECTED to close this case.

IT IS SO ORDERED.

Dated: March 31, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

4